# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JOHN L. SCHNEIDER** | * |
| | * |
| **Plaintiff** | * |
| v. | *   CASE NO. |
| | * |
| **HOUSEHOLD FINANCE CORP. II** | * |
| **and** | * |
| **HSBC GROUP CORP.** | |
| **Defendants** | |

## COMPLAINT - JURY TRIAL DEMANDED

The Plaintiff, John L. Schneider, by counsel complains against the defendants as follows: (unless otherwise specified, all factual allegations apply to all counts)

### I. Introduction

1. The plaintiff brings this action for damages based upon the defendants' violations of the Fair Credit Reporting Act, 15 U.S.C §1681 et seq. (hereinafter referenced as the "Act" or the "FCRA") and for related state law claims.

### II. Jurisdiction and Venue

2. Jurisdiction of this court is conferred by 15 U.S.C. §1681p. The court has related case jurisdiction over related state law claims.

3. Venue is proper because the plaintiff has resided in this district during all periods relevant to this dispute. Both defendants conduct significant operations in this district.

### III. Parties

4. Plaintiff John L. Schneider is an adult natural person who resides in Wilmington, Delaware. He is a "consumer" for purposes of the FCRA §1681a(c)).

5. Defendant Household Finance Corp. II (hereinafter "Household") is a Delaware corporation and part of the HSBC Group It regularly reports the status of consumer accounts to consumer reporting agencies.

6. Defendant HSBC Group Corp. (hereinafter "HSBC") is a Delaware Corporation. It is registered to do business in Delaware. It regularly reports the status of consumer accounts to consumer reporting agencies

### IV Facts

7. On November 16, 2000, Plaintiff executed a loan with Household for the principal sum of $12,000.00, with an advance of $12,635.00 with an annual percentage rate of 21.900%, this loan being account ****9190.

8. In 2003, litigation arose over this loan in the Court of Common Pleas for New Castle County, Delaware wherein Household sued the Plaintiff and Plaintiff brought a counterclaim against Household for rescission of the contract and damages for violations of the Truth in Lending Act.

9. Subsequently, the litigation was resolved in April of 2004 and Household stipulated to satisfy the mortgage for loan account **** 9190. The satisfaction is attached hereto and incorporated herein as **Exhibit A.**

10. Plaintiff subsequently discovered in 2006 that his credit report with Transunion contained an account listing from Household being Account ****4593 with the legend "> CHARGED OFF AS BAD DEBT<". The brackets (><) signify adverse information according to the syntax of the report. The report states that the account was opened 11/2000, closed 3/2003 with a balance of $8,484. The Plaintiff did not have an account with Household with the number listed.

11. In a letter to Transunion dated October 30, 2006, the Plaintiff, through his attorney Victoria Hoffman, disputed the report's listing of the Account ****4593 believing it to be the same account as was litigated successfully in the Delaware state court. A copy of this letter is attached and incorporated as **Exhibit B**. (In the exhibit, the Social Security number and account numbers have been redacted to protect the privacy of the individual.)

12. On or about November 9, 2006, Transunion printed and sent to the Plaintiff a credit report that continued to list the Household account as a charge off/bad debt. It also listed that the account had been "Verif'd" (verified) 11/06.

13. Upon information and belief of the Plaintiff, between the dispute letter to Transunion referenced in paragraph 10, and the time the Trans Union Credit Report was printed, November 9, 2006, Transunion contacted Household, and Household gave to Transunion information that Household represented as the results of an investigation, an investigation verifying that the account belonged to the Plaintiff, and that the account was a charge off/bad debt. Transunion undertook no independent effort to determine the source of the information

Household relayed, and Transunion made no independent inquiry before listing the account as verified. The credit report does not list this account as being in dispute.

14. The Plaintiff, through his attorney, Victoria Hoffman, made several phone call attempts with Household to determine the reason for the two different account numbers, being ****9190 and ****4593 and to further determine if the two account numbers denoted the same account. Household provided an explanation that it was in fact the same account but was given a different number by Household as it was in their system as an open account and 300 days had passed with no payment. This was an established procedure followed by Household.

15. On or about April 4, 2007, the Plaintiff, through his attorney Victoria Hoffman, sent Household a letter via facsimile notifying Household that their credit reference was incorrect regarding the Plaintiff. A copy of this letter is attached and incorporated as **Exhibit C** and the stipulation referred to as **Exhibit D.**.

16. The Plaintiff received no response from Household before another letter was sent to Household on May 1, 2007 to the Customer Relations Department of HSBC Group, via facsimile, by Plaintiff's attorney, Sandra E. Messick. A copy of the letter is attached and incorporated as **Exhibit E**.

17. On or about May 18, 2007, a letter was sent from HSBC verifying the two accounts were the same account, acknowledging the charge off/bad debt status, refusing to remove the entry and stating that it had been reported to Transunion, Experian and Equifax. A copy of this letter is attached as **Exhibit F**.

18. Due to the failure of Household and HSBC Group to investigate the incorrect reference upon notice by the plaintiff, and the subsequent incorrect credit file listing, and once investigated, allowing incorrect information to remain, my client suffered harm to his reputation,

and was deterred from applying for credit because incorrect information was in his credit file.

## V. CAUSE OF ACTION

## FAIR CREDIT REPORTING ACT

19. Defendants Household and HSBC Group are a "furnisher of information" in respect to the Plaintiff for purposes of the FCRA (15 U.S.C. §1681s-2).

20. Defendants had actual knowledge that Plaintiff disputed the debt which forms the basis of this litigation and had, in fact, successfully litigated the debt against Household in state court.

21. Upon information and belief, Defendants received multiple notices both through Transunion and from the Plaintiff's attorneys directly stating that the account was disputed. Defendants were also informed that there was a possible confusion between the account numbers.

22. Defendants, upon the request by the credit reporting agency, failed to conduct an investigation into whether it was reporting accurate information. Defendants failed to even match the accounts. Defendants failed to investigate the Plaintiff's assertion that account had been successfully litigation and settled in his favor.

23. Household and HSBC's stated procedure of changing account numbers once 300 days have passed and no payment received and thereafter reporting to credit reporting agencies with the different number is confusing, violative of consumer rights and designed to defeat the intent of purpose of the Fair Credit Reporting Act.

24. Defendants failed to conduct an investigation meeting the requirements of 15 U.S.C. §1681s-2(b)(1) after receiving notice pursuant to section §1681i.

25. Even though Household had multiple notices that the account was disputed, Household's report to Transunion did not include a reference that the account was in dispute.

26. Defendants' failure to investigate and report accurately was done with knowledge of falsity and/or reckless disregard for the truth, and was therefore done with malice.

27. As a result of Defendants' failure to investigate and reporting of incorrect, Plaintiff suffered harm to his reputation and other miscellaneous damages.

WHEREFORE, Plaintiff requests actual damages, statutory damages, punitive damages (for willful violations), attorney fees, costs, and such other relief as justice requires.

**JURY TRIAL DEMANDED**

*/s/ Sandra E. Messick*
SANDRA E. MESSICK, Bar No. 939
Attorney for Plaintiff
UAW Legal Services Plan
200 Continental Drive, Suite 212
Newark, DE 19713
(302) 366-0513 ext. 232
(302) 366-5693 fax

Dated: 11-2-07